TOWN OF WARWICK *vs.* R. I. HOSPITAL TRUST COMPANY.

FEBRUARY 16, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Municipal Corporations.  Division of Town.  Bonds.  Sinking Fund.
.    Contracts.*

Public Laws, cap. 942 of 1901, authorized the town of Warwick to issue bonds
and provision was made for an annual appropriation by the town for
interest and for a sum to be placed as a sinking fund.

By cap. 1012 of 1913, the town was divided and the division commission was
directed to apportion the indebtedness between the two towns, the act
providing that such apportionment should not bar the holder of any debt
against the old town from recovering against it, but should be made only
for the purpose of determining which town should be primarily liable for
each debt and for establishing a right of recoupment between the towns.
The act further empowered the commission to do every act necessary and
essential to the complete division of the town.

The commission apportioned the bonds between the two towns and also
apportioned the sinking fund in the same proportion.

*Held*, that the requirement for the creation of the sinking fund constituted a
part of the obligation of the bond between the town and each bondholder,
and could not be impaired by subsequent legislation, and while this would
not prevent a division of the town, the security of the bondholder required
the safeguarding of the fund already accumulated and also adequate legis-
lation for annual additions to the fund.

*Held*, further, that under the general provision to do every act necessary
and essential to the complete division of the town it could not be held that
the legislature intended the commission to formulate a scheme for the further
accumulation of the sinking fund for the court would not assume that the
legislature intended a delegation of its sole legislative authority.

*Held*, further, that as any action on the bonds must be brought against both
towns regardless of where the commission had placed the primary liability,
no part of the fund should pass entirely under the control of either town, but
its management as an entire fund should be the subject of suitable legislation.

*Held*, further, that to force a bondholder to look to the security of a divided
fund under different managements was to change his contract and amounted
to a substantial interference with his security.

*Held*, further, that cap. 1012 made no provision either for the future control of
the portion of the fund existing at the time of the division or for the accu-
mulation of the fund sufficient to redeem the bonds and therefore in dividing
the towns the fund did not come within the contemplation of the legislature
and there was no intention to deal with it, but it was left for further legis-
lative action, and the commission was without authority to apportion it.

ASSUMPSIT. Certified on questions of law, under Gen. Laws, cap. 298, § 5.

SWEETLAND, J. In the above entitled case certain questions of law have been certified by the Superior Court to this court for determination under the provisions of Gen. Laws, cap. 298, § 5.

Under Public Laws, Chapter 942, passed November 20, 1901, the town of Warwick was authorized to issue bonds of the denomination of one thousand dollars each to an amount not exceeding four hundred thousand dollars. Section 2 of said act was as follows: "Sec. 2. At the annual financial town meeting in said town there shall be annually appropriated a sum sufficient to pay the interest due or to become due on said bonds before the next annual financial town meeting, and also a sum to be placed as a sinking fund sufficient for the redemption of said bonds when due, and all premiums arising from the sale of said bonds shall be placed to the credit of said sinking fund."

Pursuant to said act the town of Warwick issued four hundred bonds of the denomination of one thousand dollars each; and thereafter in each year until 1913 the financial town meeting of said town appropriated a sum sufficient to pay the interest due or to become due on said bonds before the following annual financial town meeting, and also appropriated a sum to be placed as a sinking fund for the redemption of said bonds when due. The sums so annually appropriated to be placed as said sinking fund together with the premiums arising from the sale of said bonds were deposited by the town treasurer of said town with the defendant. The title of said deposit was "Town of Warwick Sinking Fund."

By Chapter 1012 of the Public Laws, approved March 14, 1913, the General Assembly divided the town of Warwick into two new towns, one to constitute the town of Warwick and the other to constitute the town of West Warwick. Section 14 of said Chapter 1012 of the Public Laws, among

other things, provided as follows: "All debts and liquidated liabilities of the present town of Warwick shall be and remain valid and binding. The Warwick Division Commission hereinafter created, shall apportion the payment of said debts and liquidated liabilities between the towns of Warwick and West Warwick in proportion to the ratable property in said towns, according to the assessment of taxes last made in the present town of Warwick. Such apportionment shall not bar the holder of such debt or liability against the present town of Warwick from recovering as fully as said holder might have recovered against the present town, but shall be made only for the purpose of determining which town shall be primarily liable for each debt and for establishing a right of recoupment between said town if the town primarily liable fails to pay any obligation apportioned to it." Section 16 of said Chapter 1012 provided for the appointment by the governor of a commission of five members to be known as the Warwick Division Commission, and further provided that said "commission shall perform the duties imposed upon it by the provisions of this act, and which is hereby authorized, empowered and directed to do and perform each and every act, necessary and essential to the complete division of the town of Warwick and not otherwise specifically devolved upon any official or person, and the acts of said commission in carrying out the provisions of this act shall be final."

Pursuant to said Chapter 1012 of the Public Laws, the governor of the State of Rhode Island duly appointed the Warwick division commission; and said commission proceeded to perform the duties imposed upon it by the act. In its report said commission among other things set forth that, of the four hundred bonds issued by the former town of Warwick under the authority of said Chapter 942 of the Public Laws, said commission had apportioned bonds numbered 1 to 251, both inclusive, to the present town of Warwick and had apportioned bonds numbered 252 to 400, both inclusive, to the town of West Warwick. Said commission

further reported that to said sinking fund, at that time amounting in all to the sum of $106,515.58, said commission had apportioned the sum of $66,799.11 to the present town of Warwick, and had apportioned the sum of $39,716.47 to the town of West Warwick. On August 11, 1914, the town council of the town of Warwick authorized the town treasurer of said town to withdraw from the defendant "the proportional part of the sinking fund of the town of Warwick 1932 bonds belonging to the present town of Warwick as the same has been apportioned to said town by the Warwick Division Commission, together with the interest accrued thereon." After the refusal of the defendant to permit such withdrawal said town council directed the commencement of this suit to recover from the defendant said proportional part of said fund.

Of the questions certified by the Superior Court to this court for determination the first is as follows: "FIRST: Did the Warwick Division Commission created under Chapter 1012 of the Public Laws, passed by the General Assembly at its January session, 1913, receive authority by and under said act to apportion between the new town of Warwick and the town of West Warwick created by said Chapter 1012 the sinking fund established for the bonds of the old town of Warwick issued under the authority of Chapter 942 of the Public Laws, passed by the General Assembly in 1901?"

Under none of the provisions of said Chapter 1012 of the Public Laws is authority specifically given to said Warwick Division Commission to apportion said sinking fund between the towns of Warwick and West Warwick. If said commission had such authority under the act it must be found in the general provision contained in Section 16 whereby said commission was "authorized, empowered and directed to do and perform each and every act necessary and essential to the complete division of the town of Warwick." Was the apportionment of said sinking fund between the newly created towns "necessary and essential to the complete division of the town of Warwick?" In our opinion it was

not. In view of the essential character of said fund and the purpose of its creation, it would be appropriate to keep said fund intact and undivided, although there was a division of the town. The plaintiff contends that said fund was the property of the old town of Warwick and hence that a division of that town would be incomplete unless such property be apportioned between its two successors. While said fund may be regarded as the property of the town, to which said town alone had the legal title, it was property impressed with certain characteristics arising from its nature as a sinking fund, accumulated in the manner and for the purposes provided by said Chapter 942 of the Public Laws.

The General Assembly, in authorizing the town to issue said bonds, coupled with that permission the requirement that the town should by annual appropriations accumulate a sinking fund sufficient to redeem the bonds when due. When the bonds were issued under the authority of said act, and afterwards purchased by the bondholders, the provision, that the town should create the prescribed sinking fund, became an essential part of the contract between the town and each bondholder, as binding upon the town as if expressly stipulated in the bond. Such requirement constituted a part of the obligation of the bond and could not be impaired by subsequent legislation. *Louisiana* v. *Pilsbury*, 105 U. S. 278. The town had the custody of said fund and might make judicious investment of the same; but the town should have been restrained if it had attempted to divert said fund from the purpose of its creation.

The existence of this contract between the old town of Warwick and the holder of each of said bonds would not prevent a division of said town; but in making such division the obligation of said contract must not be impaired and there must be no substantial interference with the security which had been provided for the bondholder by the creation of said sinking fund. The security of the bondholder required the safeguarding of that portion of the sinking fund already accumulated and also required that there should be

adequate legislation providing for a suitable annual addition to said fund. The act dividing the old town of Warwick makes no provision for the continued accumulation of said fund after said division. Such provision, however, would be equally as necessary and essential to the complete division of the town as would be a provision disposing of the fund already accumulated. Under the general language of Section 16 of said Chapter 1012 empowering and directing the Warwick Division Commission "to do and perform each and every act necessary and essential to the complete division of the town of Warwick," it could not properly be held that the General Assembly intended that said commission should formulate a scheme for the further accumulation of said sinking fund. The determination of the method by which the future increase of said fund should be made required the exercise of legislative authority. We cannot assume that the legislature intended a delegation of its sole legislative authority.

We have said above that not only was it not essential to a complete division of the old town of Warwick that said sinking fund should be apportioned between the new towns, but it would be appropriate and desirable that said fund should remain as one undivided fund. Acting under the authority given by Section 14 of said Chapter 1012, the Warwick Division Commission properly apportioned the payment of said bonds between the two new towns; but as is expressly provided in said section this apportionment of payment was merely a determination of the primary liability upon each of said bonds. Such apportionment did not interfere with the ultimate liability upon each bond of both towns as the successors of the town of Warwick. If hereafter an action is to be brought to recover on either of said bonds it must be brought against both towns regardless of where said Division Commission has placed the primary liability. If each town is to be held ultimately liable for the payment of every one of said bonds, then the accumulation of said fund and the wise investment and control of every

part of it is essential to the credit and security of each town. No part of said fund should pass entirely and without restriction under the control of either town; but its management as an entire fund should be the subject of suitable specific legislation.

Every portion of said sinking fund must be regarded as security for the payment of each bond, wherever the primary liability for its payment has been placed. Each bondholder is entitled to insist that no portion of said sinking fund shall be improperly managed or diverted from the purpose for which it was by law created. When he purchased his bond and the town of Warwick entered into its contract with him a part of his security was the creation of one undivided sinking fund, as to the management of which alone he was called upon to inquire and keep himself informed. To force the bondholder to look to the security of a divided fund, with each portion under a different management, is to change his contract, and we must hold that it amounts in law to a substantial interference with his security.

Neither of the new towns and no bondholder is here objecting to the apportionment of said fund, but we have entered upon the foregoing consideration of the rights of the towns and of the bondholders because it is pertinent to the inquiry whether the Warwick Division Commission had authority under said act to make an apportionment of said sinking fund. We are of the opinion that the interests of each of said towns and the security of the bondholders required that there be specific legislation providing for the future control of that portion of the sinking fund existing at the time of the division of the town. We are also of the opinion that the credit of the new towns and the security of the bondholders called for legislation regulating the continued accumulation of a sinking fund which should be sufficient to redeem said bonds when due. Said Chapter 1012 of the Public Laws dividing the town of Warwick makes no provision for either of these objects. We are

therefore of the opinion that in dividing said towns said
sinking fund did not come within the contemplation of the·
General Assembly; and that in said act there is no intention
on the part of the General Assembly to deal with said fund;.
but its proper regulation remains a matter for further legis-
lative action.   It follows that the Warwick Division Com-
mission was without authority under the act to apportion
said fund; and the first· question certified is answered in the
negative.   As our answer to the first question is determina-
tive of the case the other questions certified are without·
materiality and are not considered.

The papers in the cause are ordered sent back to the·
Superior Court with our answer to the first question cer-
tified· thereon.

*Harold R. Curtis, Wilson, Gardner & Churchill,* for plaintiff.
*Tillinghast & Collins, William R. Tillinghast, Harold B.
Tanner, James C. Collins,* for defendant.